UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN KENNEDY,   No. 08-12504

    Plaintiff,   District Judge Anna Diggs Taylor

v.   Magistrate Judge R. Steven Whalen

FIRST NLC SERVICES, LLC,
ET.AL.,

    Defendants.
                                                  /

**ORDER DENYING MOTION FOR MORE DEFINITE STATEMENT**

Defendant Owen Loan Servicing, LLC, has filed a motion for more definite statement pursuant to Fed.R.Civ.P. 12(e) [Docket #10].  Citing Fed.R.Civ.P. 8(a), Defendant asserts that the complaint is so vague and factually deficient that it cannot formulate a responsive pleading. Defendant claims that it is not sure which allegation pertains to which of the two Defendants, and that Plaintiff has not pled his fraud allegation with particularity.

The requirements of Rule 8(a), of course, are applicable to *pro se* plaintiffs such as Mr. Kennedy.  *See Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989).  At the same time, *pro se* pleadings are to be given a liberal construction.  *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

While Plaintiff's complaint could be more precise, it is, given a liberal construction, sufficiently compliant with Rule 8(a) that the Defendant can formulate a

response, including an answer or a motion to dismiss under Fed.R.Civ.P. 12(b)(1), 12(b)(2) and/or 12(b)(6).[1] The "Wherefore," or relief portion of the complaint makes clear that Plaintiff is naming both Defendants in every allegation.

Therefore, the Defendant's motion for more definite statement [Docket #10] is DENIED. Defendant shall file a responsive pleading within 30 days of the date of this Order.

SO ORDERED.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 25, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 25, 2009.

S/G. Wilson
Judicial Assistant

---

[1] In a separate, rather cryptic "Motion to Remove to Federal Court" [Docket #7], Plaintiff appears to concede that this Court does not have subject matter jurisdiction. However, insofar as he is asking that the case be transferred to the Western District of Michigan, the motion may in fact be a request for change of venue.