UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN KENNEDY,                             No. 08-12504

       Plaintiff,                              District Judge Anna Diggs Taylor

v.                                           Magistrate Judge R. Steven Whalen

FIRST NLC SERVICES, LLC,
ET.AL.,

       Defendants.
_____/

**OPINION AND ORDER SETTING ASIDE DEFAULT**

Before the Court is a motion to set aside default [Docket #8], filed by Defendant Owen Loan Servicing, LLC. Plaintiff has not responded to this motion. The motion will be GRANTED for the reasons that follow.

On July 22, 2008, at Plaintiff's request, a Clerk's Entry of Default was entered. *See* Docket #s 4 and 5. Defendant argues that there is good cause for setting aside the default, pursuant to Fed.R.Civ.P. 55(c).

Rule 55(c) permits the court to set aside a default upon a showing of "good cause." In *United Coin Meter Co. v. Seaboard Coastline R.R.,* 705 F.2d 839, 845 (6th Cir.1983), the Sixth Circuit set forth the following factors to consider in a Rule 55(c) motion: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. However, a default may not be entered against a defendant who has not been properly served with a summons and complaint. In *O.J. Distributing, Inc. v. Hornell Brewing Co., Inc*. 340 F.3d 345, 353 (6th Cir. 2003), the Court held:

> "Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties. *Amen v. City of Dearborn,* 532 F.2d 554, 557 (6th Cir.1976). Therefore, if service of process was not proper, the court must set aside an entry of default. *Id.; see also Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Bank One of Cleveland, N.A. v. Abbe,* 916 F.2d 1067 (6th Cir.1990)."

*O.J. Distributing* also held that a court "need not weigh the three factors a court considers when setting aside an entry of default when service of process has been properly effected...." *Id.* at 355.

Upon review of the Defendant's exhibits, it is clear that the Plaintiff did not properly serve this Florida corporate Defendant at its principal place of business, nor did he properly serve Defendant's designated resident agent. Service was thus improper under Fed.R.Civ.P. 4(h)(1), M.C.R. 2.105, and Florida Statutes Annotated § 48.081(1).

Accordingly, Defendant's motion to set aside default [Docket #8] is GRANTED, and the default entered on July 22, 2008 [Docket #5] is VACATED.

SO ORDERED.

                                        S/R. Steven Whalen
                                        R. STEVEN WHALEN
                                        UNITED STATES MAGISTRATE JUDGE

Dated: February 25, 2009

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 25, 2009.

                                        S/G. Wilson
                                        Judicial Assistant